UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

-------------------------------------------------------x

GREGORY R. HILL,

                Petitioner,

      -against-

SUPERINTENDENT GOWANDA
CORRECTION FACILITY; ANDREW
CUOMO, NYS Attorney General,

            Respondents.

**MEMORANDUM AND ORDER**
08-CV-4508 (ARR)

-------------------------------------------------------x

ROSS, United States District Judge:

By petition dated October 31, 2008[1], *pro se* petitioner Gregory Hill seeks a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Petitioner's application to proceed *in forma pauperis* is

granted. Pursuant to Rule 4 of the Rules Governing Section 2254 cases, the court has conducted an

initial consideration of this petition and, for the reasons set forth below, determined that the petition

appears to be time-barred by the one-year statute of limitations enunciated in the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court directs petitioner to show

cause within 30 days of the entry of this Memorandum and Order why the petition should not be

dismissed as time-barred.

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of

limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to

a state court conviction. See 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on

which one of the following four events occurs, whichever is latest:

---

[1] The Court notes that the instant petition was received by the Court on November 5, 2008.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner alleges that he was sentenced on June 13, 1972. See Petition at 1, ¶ 2. Petitioner did not appeal his conviction. See Petition at 2, ¶ 8. In general, the statute of limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In cases where the petitioner's conviction became final before the AEDPA's effective date of April 24, 1996, however, the petitioner was afforded a one-year grace period, ending April 24, 1997, in which to file a timely application for a writ of habeas corpus. Ross, 150 F.3d at 102-3. Since petitioner did not appeal his conviction, his judgment of conviction became final on July 13, 1972, thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired. See N.Y. Crim. Proc. Law § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (judgment of conviction becomes final when the thirty days in which to seek direct review of the conviction expires). Because petitioner's conviction became final prior to the effective date of § 2244(d), petitioner had a one-year grace period, ending April 24, 1997, in which to file his federal habeas

corpus petition. <u>Ross</u>, 150 F.3d at 103. The instant petition, dated October 31, 2008, was filed more than ten years after the expiration of the one-year statute of limitation period and is therefore untimely.

**Tolling**

**A.    Statutory Tolling**

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" when calculating the one-year statute of limitations period. 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not commence the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. <u>Smith v. McGinnis</u>, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

In this case, petitioner cannot benefit from statutory tolling. On September 22, 2007, petitioner filed a motion pursuant to N.Y. Criminal Procedure Law 440.20 ("440"), which was denied on May 22, 2008. <u>See</u> Petition at 2, ¶ 11. In August 2008, petitioner sought leave to appeal the denial of his 440 motion, and on August 15, 2008, the Appellate Division denied this application. <u>See</u> Petition at 2, ¶ 11; <u>see also</u> Appellate Division Decision annexed to petition. Because petitioner's 440 motion was filed after the one year period had already expired, it cannot serve to toll the limitations period under § 2244(d)(2) to render his instant petition timely.

**B.    Equitable Tolling**

Additionally, the limitations period may be equitably tolled if petitioner can demonstrate that (1) "extraordinary circumstances prevented him from filing his petition on time," <u>Smith</u>, 208

F.3d at 17, and (2) that he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). In its current form, the petition does not enumerate a basis to support equitable tolling.

## Conclusion

Accordingly, the court directs petitioner to show cause by written affirmation, within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. Day v. McDonough, 547 U.S.198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Memorandum and Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
November 21, 2008

4

**SERVICE LIST**

**Gregory R. Hill,** *pro se*
72B0168
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070-0311

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

GREGORY R. HILL,

                Petitioner,

      -against-

SUPERINTENDENT GOWANDA
CORRECTION FACILITY; ANDREW
CUOMO, NYS Attorney General,

              Respondents.

-------------------------------------------------------x

**PETITIONER'S AFFIRMATION**

08-CV-4508 (ARR)

STATE OF _____  }

COUNTY OF _____  } SS:

      GREGORY R. HILL, makes the following affirmation under the penalties of perjury:

      I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's order dated _____. The instant petition should not be dismissed as untimely

because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____

Address

_____

_____
City, State & Zip