UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

GREGORY R. HILL,

          Petitioner,

    -against-

SUPERINTENDENT GOWANDA
CORRECTION FACILITY; ANDREW
CUOMO, NYS Attorney General,

          Respondents.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-CV-4508 (ARR)

ROSS, United States District Judge:

By petition dated October 31, 2008, *pro se* petitioner Gregory R. Hill filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1972 Kings County conviction. The petition was filed beyond the statute of limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). By Order dated November 21, 2008, petitioner was directed to show cause by affirmation, within sixty days, why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Because petitioner's affirmation fails to demonstrate that the instant petition is timely and his arguments are insufficient to warrant equitable tolling, his petition is dismissed.

## DISCUSSION

AEDPA was signed into law on April 24, 1996, and provided that those convicted in state court have a one year period in which to file a habeas petition. 28 U.S.C. § 2244 (d)(1) That period generally begins when the conviction is final. Id. Petitioner alleges that he was

1

sentenced on June 13, 1972. See Petition at 1, ¶ 2. Petitioner did not appeal his conviction. See Petition at 2, ¶ 8. Since petitioner did not appeal, his judgment of conviction became final on July 13, 1972, thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired. See N.Y. Crim. Proc. Law § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (holding that conviction becomes final when the thirty days in which to seek direct review of the conviction expires). Because petitioner's conviction became final prior to the effective date of § 2244(d), however, he had a one year grace period to file his federal habeas corpus petition; that period ended on April 24, 1997. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). The instant petition, dated October 31, 2008, was filed more than ten years after the expiration of the one year grace period.

Statutory Tolling

In calculating a one year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Filing a post-conviction motion, however, does not start the one year statute of limitations period anew. Rather, § 2244(d)(2)'s tolling provision merely excludes from the calculation of the one-year period the time during which a post-conviction motion is pending. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

On September 22, 2007, petitioner filed a motion pursuant to N.Y. Criminal Procedure Law 440.20 ("440"), which was denied on May 22, 2008. See Petition at 2, ¶ 11. In August 2008, petitioner sought leave to appeal the denial of his 440 motion, and on August 15, 2008, the Appellate Division denied his application. See Petition at 2, ¶ 11; Appellate Division Decision

annexed to Petition. Because petitioner's 440 motion was filed after the one year period had already expired, it cannot serve to render his instant petition timely under § 2244(d)(2).

Equitable Tolling

In "rare and exceptional" circumstances, the AEDPA's one year statute of limitations is subject to equitable tolling. Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008); Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); Smith supra, at 17; see also Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (assuming without deciding that § 2244(d) allows for equitable tolling); Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). The Second Circuit stated in Baldayaque that

> [t]o equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Thus, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Baldayaque, 338 F. 3d at 150 (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir.2001)); see also Doe v. Menefee, 391 F.3d 147, 159 (2d Cir.2004), cert. denied, 546 U.S. 961 (2005); Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000); Smith, supra, at 17.

Petitioner argues that the limitations period for filing his petition should be equitably tolled because of (1) his youth at the time of his conviction; (2) his ignorance of the law; and (3) his defense attorney's failure to file an appeal on his behalf. See Affirmation at 2. The Affirmation states that "at the time of petitioner's representation by assigned counsel, petitioner was 17 years of age and a layman at law, he did not possess the logistical skills or ability capable of evaluating his counsel's performance and act to remedy any problems." Id. at 2. Although petitioner was only seventeen at the time of his conviction, his one year grace period to file his habeas petition ended on April 24, 1997, when he was approximately forty-two years old. Moreover, petitioner waited until October 31, 2008 to file the instant petition, when he was approximately fifty-three years old. Accordingly, he has failed to explain how his youth affected his ability to understand the legal procedures or to demonstrate that he acted with diligence during the period he wishes to have tolled. See Lewis v. Walsh, No. 03 Civ. 1932 (DC), 2003 WL 21729840, at *2 (S.D.N.Y. July 25, 2003) (finding that a petitioner who was above the age of majority during the statute of limitations period had not presented extraordinary circumstances that would justify equitable tolling); Ambers v. Cockrell, No. 01-CV-2018-G., 2002 WL 1544703, at *2 (N.D.Tex. July 11, 2002) (holding that petitioner who was fifteen years old at the time he was convicted was not entitled to equitable tolling where he failed to explain why he waited eight years from the time of his conviction before filing his federal petition).

Furthermore, petitioner's lack of "logistical skills," his status as a "layman at law," and his attorney's failure to file a notice of appeal on his behalf do not toll the statute of limitations period. It is a long-standing rule that the petitioner bears the burden of learning the applicable

4

procedural rules in federal court and abiding by them when seeking review. This rule applies when an individual is represented by counsel, see U.S. v. Hooper, 43 F.3d 26, 29 (2d Cir. 1994) ("[i]gnorance of the law or rules does not, in general, constitute 'excusable neglect.'") and when the individual is acting *pro se*. See Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) ("*[P]ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."); Morrison v. Ercole, No. 05-CV-5246, 2007 WL 2362206, at *6-7 (E.D.N.Y. Aug. 15, 2007) (even if attorney was incompetent, petitioner must show that "he himself made reasonably diligent attempts to ensure that his petition was filed on time").

Petitioner's arguments for equitable tolling are not "extraordinary," because they apply to most inmates, and district courts have consistently found that these reasons do not justify equitable tolling. See Worsham v. West, 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases."); Doyle v. Yelich, No. 05 CV 2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) (neither pro se status nor ignorance of the law warrant equitable tolling); Ayala v. Fischer, 04 Civ. 3404, 2004 WL 2435523, at *1 (S.D.N.Y. Nov. 2, 2004) ("Ignorance of the law and an inability to read or write do not constitute extraordinary circumstances that would justify equitable tolling."); Williams v. Breslin, 03 Civ. 1848, 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (same); Gillyard v. Herbert, 01 Civ. 3427, 2003 WL 194692, at *3 (S.D.N.Y. Jan. 30, 2003) (AEDPA statute of limitations not tolled based on *pro se* status or concomitant ignorance of the law); Francis v. Miller, 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling); Wilson v. Bennett, 188 F.Supp.2d 347, 354 (S.D.N.Y. 2002) ("lack of legal

5

knowledge cannot excuse a delay in filing a petition"); Martinez v. United States, 00 Civ. 1214, 2000 WL 863121, at *1 (S.D.N.Y. June 28, 2000) (lack of legal expertise and training and failure of the Government to educate him as to his rights and the applicable rules are insufficient to warrant equitable tolling); Zorilla v. Artuz, 99 Civ. 9249, 2000 WL 328881, at *1 (S.D.N.Y. March 29, 2000) (citations omitted) (*pro se* status and ignorance of the law are insufficient to warrant equitable tolling); Brown v. Superintendent, Elmira Corr. Facility, 97 Civ. 3303, 1998 WL 75686 at *4 (S.D.N.Y. Feb. 23, 1998) ("[A] self-serving statement that the litigant is ignorant of the law is not grounds for equitable tolling of a statute of limitations."). Thus, petitioner fails to demonstrate any extraordinary circumstances and reasonable diligence which would warrant the Court's equitable tolling of the AEDPA's limitations period.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred under 28 U.S.C. § 2244(d)(1). A certificate of appealability shall not issue, because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is to enter judgment accordingly.

SO ORDERED.

/S/
_____

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
       February 28, 2009